UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITSUKO TUTHILL,

    Petitioner,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Respondent.

CASE NO. C09-5468BHS

ORDER DECLINING TO
ADOPT REPORT AND
RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 23). The Court has considered the Report and Recommendation, Petitioner Mitsuko Tuthill's ("Tuthill") objections (Dkt. 24), and the remaining record, and hereby declines to adopt the Report and Recommendation for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

    On June 7, 2010, the Magistrate Judge issued a Report and Recommendation in this matter. Dkt. 23. On June 21, 2010, Tuthill objected to the Report and Recommendation. Dkt. 24. The government did not respond.

ORDER – 1

## II. STATEMENT OF FACTS

This is a social security case in which Tuthill filed for disability benefits. *See generally* Transcript ("Tr"). Tuthill is from Okinawa, Japan (Tr. 17) and speaks a limited amount of English. *See, e.g.*, Tr. 17-45 (part of Tuthill's testimony). Tuthill was represented by Audrey Orlando ("Orlando"), a tax clerk attorney from the District of Columbia, and it appears from the record that she is not a licensed attorney. *See, e.g.,* Tr. 11 (Orlando explaining that she is an attorney for "tax clerk purposes" not "general purposes"). Tuthill did not have a translator[1] during the hearing. *See* Tr. 11 (representative for Tuthill waiving right to translator).

The ALJ heard testimony from Tuthill, medical experts, and Tuthill's husband (lay witness). *See* Dkt. 23 (Report and Recommendation). The ALJ concluded that Tuthill was not eligible for disability benefits and Tuthill appealed the ALJ's decision. *Id*. The Commissioner affirmed the ALJ's decision, and Tuthill appealed to the Magistrate Judge. *Id*. The Magistrate Judge recommended the affirmation of the ALJ's decision and Tuthill has filed objections. Dkt. 24.

---

[1]The Court notes that when a claimant, like Tuthill, has difficulty understanding or communicating in English, the ALJ must ensure that an interpreter is present throughout the hearing. *Hearings, Appeals and Litigation Law Manual, Office of Hearings and Appeals,* § I-2-610. *See also*, Hallex I-2-1-70 (found at http://www.ssa.gov/OP_Home/hallex/I-02/I-2-1-70.html). The parties in the record and pleadings have usually used the word "translator" in the context of this issue. Out of convenience, the Court will use the term "translator" herein instead of "interpreter."

ORDER – 2

### III. DISCUSSION

Tuthill raises several objections to the Report and Recommendation. *See* Dkt. 24; *see also* Dkt. 23 at 3-4 (listing claimed errors of ALJ's decision).

**A.  Translator**

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Manssanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). Tuthill's primary ojbection is that the ALJ failed to fully and fairly develop the record when he did not retain the services of a translator for the administrative hearing. *See id.* at 3, 5.

The Magistrate Judge determined that Tuthill waived her right either explicitly or through the invited error doctrine. *See* Dkt. 23 at 5. The Magistrate Judge points out that Tuthill noted on her application form for disability benefits that she speaks English. *Id.* (citing Tr. 158). The Magistrate Judge also relied on the fact that the "transcript reveals that [Tuthill] was in fact able to communicate in English and that she understood the questions presented." *Id.* (citing Tr. 8-62).

However, the Court, having carefully reviewed the transcript, reaches the opposite conclusion with respect to Tuthill's ability to speak and understand English. The portions of the record that include the questioning of Tuthill demonstrates that Tuthill is quite limited in her ability to speak and understand English. Indeed, it is difficult for the Court to understand much of Tuthill's testimony in its transcribed form. The Court would ordinarily refer to

ORDER – 3

excerpts of some of the testimony as examples but, in this instance, this would require the Court to include a substantial portion of Tuthill's entire testimony.

The most troubling part about Tuthill's "waiver" is that the ALJ did not discuss the waiver of the right to a translator with Tuthill. In other words, Tuthill's abilities with the English language were determined solely through a conversation that occurred between the ALJ and her tax attorney representative. *See, e.g.,* Tr. 11. The record is inadequate to determine whether or not Tuthill could actually understand and/or provide a sufficient amount of information in English to have a full and fair hearing (including her right to be fully heard and understood) which due process requires. At one point in the proceedings, Tuthill stated that "English is hard to understand." Tr. 22. It appears from the record that Tuthill may have needed a translator to enable her to effectively engage in the dialogue to determine whether she needed a translator in the first place. Indeed, the record reveals a lack of clear, explicit and unambiguous waiver of the right to a translator:

| | |
|---|---|
| ALJ: | All right. Very good. Now there was a issue before we started the hearing about the use of a translator or not, and we were not able to get a translator at, for today who speaks Okinawan. And I wanted to make it clear on the record that the *claimant is going to attempt* to answer the questions in English, correct? |
| ATTY: | That's right. |
| ALJ: | And she, and you're waving any objection to that there's no translator, correct? |
| ATTY: | I'm waiving the fact of the translator, yes. |
| ALJ: | Okay. But I'm not, that's not good enough. I mean, you're waiving any objection – |
| ATTY: | Okay. |
| ALJ: | – That there's a translator. |
| ATTY: | Right. |
| ALJ: | In orther words – |
| ATTY: | Right. Right. |

ORDER – 4

| | | |
|---|---|---|
| ALJ: | | In other words, I don't know how I'm going to rule, of course – |
| ATTY: | | We're okay with no translator because she does speak English – |
| ALJ: | | That's all I wanted to know |
| ATTY: | | – and she does understand English. |
| ALJ: | | Very good. Okay |
| ATTY: | | It's just a matter tha[t] *sometimes she cannot communicate* |
| ALJ: | | Well, I'm not sure what that means. |
| ATTY: | | Well, if they're not, if you ask her a question she says yes or no, but if she tried to explain something, *I don't think you'd understand* [her], that's the point |
| ALJ: | | Well, is that a problem for you |
| ATTY: | | No, it's not as much a problem for me, because I know her, and I know her history. |
| ALJ: | | But the question is not whether you know it or not, because you're not the one who's making the decision. I'm the one who's making the decision – |
| ATTY: | | Okay. |
| ALJ: | | and the question is, is there going to be a problem if I don't end up understanding everything. |
| ATTY: | | I don't know. We just have – |
| ALJ: | | Well, that, you have to decide before we start. |
| ATTY: | | I can't understand why we would need, her husband should be in here. |
| ALJ: | | Okay. Okay. |
| ATTY: | | Her husband is the one, they've lived together for, I don't know 20 years – |
| ALJ: | | This is, this – |
| ATTY: | | – and *normally he communicates for her*. |
| ALJ: | | *This is the claimants hearing, not the husband's hearing.* |
| ATTY: | | The husband is not seeking benefits the claimant is. The claimant has to prove that she is disabled. And part of the evidence that will determine it is what the claimant has to say. Now if the claimant doesn't mind that she may have difficulty telling me things and is willing to have me make a decision, and will not be bothered with that, or challenge that, or object to that in any way that I will be making my decision, I can have, hear testimony from the husband, I can hear testimony from any other witnesses, *but that there may be a limitation on the testimony from the claimant herself,* then we're going to proceed. But if you are not going to be satisfied with that, and will potentially appeal, you know, if the decision were to be unfavorable, which I'm not even suggesting it would be, but if |

ORDER – 5

```
                the decision would be unfavorable and you would appeal, and
                one of the arguments you would want to raise is that there was
                no translator, so that the claimant could not present her entire
                case, thenwe are not going to do the hearing today. Do you
                understand that?
ATTY:           Yes, I understand that.
ALJ:            And what would *you* like to do?
ATTY:           I want to [sic] proceed today.
```

Tr. 11-14. (Emphasis added.)

In spite of Orlando's equivocal view of Tuthill's ability to communicate, this colloquy may have been sufficient to proceed without a translator at that point in the hearing. However, as the hearing progressed and Tuthill was asked questions by the ALJ, there is clearly a lack of consistent effective communication between the ALJ and Tuthill. Many points in the transcript demonstrate that the ALJ was receiving confusing answers that did not actually answer the questions asked.[2] The ALJ should have stopped the proceeding when her answers were confusing or unresponsive and developed the record further to determine whether Tuthill was actually able to comprehend questions directed to her and give understandable responses.

When reading the whole of the testimony of Tuthill, the Court is inclined to agree with her, that the ALJ may have failed to fully develop a record concerning her symptoms and limitations because of Tuthill's limited ability to communicate in her non-native language.

---

[2] For example, when asked by the ALJ: "Going back in time over the course of the last year, how many days in a typical work week do you feel good, and how many days in a typical week do you feel bad?," Tuthill answered, "I got, worst more feel bad."

ORDER – 6

Therefore, the Court concludes that the ALJ erred in permitting the "waiver" of Tuthill's right to a translator and, instead, should have either (1) developed a more complete record in determining that no translator was required given Tuthill's level of fluency with the English language or (2) postponed the hearing until a translator could be located and utilized in conducting Tuthill's hearing.

**B.     Telephonic Appearance by Medical Expert**

In social security disability cases, "[w]itnesses may appear at a hearing, or, when the conditions in § 404.950(c) exist, by video teleconferencing." 20 C.F.R. § 404.950(e). Tuthill argues that the ALJ erred by allowing the medical expert to testify by telephone, rather than appear in person or by video teleconferencing. *See* Dkt. 23 at 6.

The Magistrate Judge, in rejecting Tuthill's argument, concluded that § 404.950(e) does not provide that in-person or video teleconferencing are the only means by which a medical expert may testify as a witness in cases such as this one and also noted that Tuthill did not present adequate authority on which to reach a contrary conclusion. *See* Dkt. 23 at 6-7.

Nonetheless, the record suggests that the medical expert may have had trouble understanding Tuthill's testimony. Tr. 45. Because the record is ambiguous on this point and because of the other facts suggesting that a significant language barrier existed for Tuthill, it is unnecessary to determine the meaning of § 404.950(e) at this time.

ORDER – 7

**C.     Remaining Errors Assigned**

It may be that the ALJ's final conclusion in this matter is correct, that Tuthill is not disabled for purposes of obtaining disability benefits. However, because the Court concludes that the ALJ did not fully develop the record with respect to Tuthill's need and desire for a translator, the Court need not reach the other errors claimed by Tuthill.

## IV. CONCLUSION

The Court concludes that the ALJ should have developed a more thorough record with Tuthill herself in determining whether she required a translator.

Therefore, the Court **DECLINES** to adopt the Report and Recommendation, and this matter is **REMANDED** to the ALJ for a rehearing.

DATED this 10th day of August, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 8