UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITSUKO TUTHILL,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>    Respondent. | No. C09-5468BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 35) and Plaintiff's ("Tuthill") objections (Dkt. 36). The Court has considered the R&R and Tuthill's objections and hereby adopts the R&R with modification for the reasons stated herein.

## I. DISCUSSION

The issue before the Court is solely whether the EAJA fees awarded to Tuthill may be made payable to Tuthill's attorney. *See* Dkt. 36 (objections to R&R). On February 8, 2011, Magistrate Judge Creatura submitted his report and recommendation regarding Tuthill's motion for EAJA fees. Dkt. 35. On February 22, 2011, Tuthill objected to the R&R. Dkt. 36. On February 23, 2011, Defendant filed a response to Tuthill's objections, stating that Defendant did not object to Tuthill's proposed order for EAJA fees. Dkt. 37 (citing Dkt. 27, Attachment 2).

Magistrate Judge Creatura recommended that the EAJA fees requested by Tuthill were reasonable and should be paid. This Court agrees, and this issue is no longer in dispute. Finding the requested EAJA fees to be reasonable, Magistrate Judge Creatura recommended awarding Tuthill the fees and making them payable directly to Tuthill, not her attorney, as

ORDER – 1

requested. Dkt. 35 at 5. In doing so, Magistrate Judge Creatura relied on a recent Supreme Court case which held "that a [28 U.S.C.] § 2412(d) fees award is payable to the litigant." *Id*. (quoting *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521, 2524 (2010)).

While *Ratliff* requires that the fee award be payable to the litigant, rather than the attorney, the opinion also notes that a litigant may assign his/her rights in the payment to the attorney, which would permit the fees to be made payable directly to a litigant's attorney. *Id*. at 2529. Such an agreement is permissible; provided, however, that the litigant does not owe an offset to satisfy preexisting debt to the government. In such an instance, the debt must be satisfied prior to an attorney being paid any owed EAJA fees. *Id*. at 2524. Nonetheless, *Ratliff* does not prevent assignment of rights permitting the fees to be made payable to the lawyer when (a) the litigant has no outstanding debt subject to the offset or (b) the offset has been paid and the balance of fees awarded is made payable to the attorney, rather than the litigant. *See id*.

Considering the foregoing, the Court finds that Magistrate Judge Creatura correctly concluded that, under *Ratliff*, EAJA fees must be paid to the litigant and not to the attorney. However, such a conclusion is not inconsistent with EAJA fees being awarded to the litigant and made payable to the attorney under the terms of a proper assignment agreement between the litigant and the attorney. *See id*.

Here, the unopposed, proposed order for awarding fees (Dkt. 27, attachment 2) contains the following express language regarding payment of fees:

> After the Court issues the order for EAJA fees and expenses, the Commissioner will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. The Commissioner agrees to contact the Department of Treasury after the order for EAJA fees and expenses is entered to determine whether the EAJA fees and expenses are subject to any offset. If the EAJA fees and expenses are not subject to any offset, the EAJA attorney's fees and expenses will be paid directly to the order of plaintiff's attorney Eitan Kassel Yanich.

ORDER – 2

Dkt. 27-2 at 2. This provision within the unopposed, proposed order complies with the holding in *Ratliff*, as discussed above. While the provision does not expressly contemplate a scenario wherein Tuthill owes debt subject to the offset, such a scenario would also require compliance with *Ratliff* for purposes of paying the EAJA fees.

Based on the foregoing, the Court adopts the R&R with respect to the fees being reasonable and awardable as discussed therein (Dkt. 35). However, the Court modifies the R&R to permit entry of the unopposed, proposed order (Dkt. 27), as it complies with the holding in *Ratliff*.

## II. CONCLUSION

Therefore, the Court **ADOPTS** the R&R with **MODIFICATION** as discussed herein.

DATED this 21st day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3